COURT OF APPEALS
DECISION
DATED AND FILED

August 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP940**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV810

IN COURT OF APPEALS
DISTRICT III

---

ALLEN CHIZEK,

    PLAINTIFF-APPELLANT,

V.

HULL PORTER TRAILERS, INC. D/B/A STATELINE TRAILERS,
HULL TRAILERS, INC., CRAIG D. HULL AND CALVIN D. HULL,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Outagamie County: EMILY I. LONERGAN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Allen Chizek appeals from an order that dismissed his claims against four out-of-state defendants for lack of personal jurisdiction. The issues on appeal all relate to whether the provisions of Wisconsin's long-arm jurisdiction statute and related due process requirements have been satisfied. We conclude they have not and therefore affirm the circuit court.

## BACKGROUND

¶2 Iowa residents Craig Hull and Calvin Hull (collectively, "the Hulls") own and operate Hull Porter Trailers, Inc., and Hull Trailers, Inc. (collectively, "Hull Trailers"). Hull Trailers, which is organized under the laws of the State of Iowa, manufactures and sells a variety of trailers to individual and commercial customers. Although the company once sold its trailers through independent dealers across the country, it changed its business model in 2016 to sell trailers directly to customers from a single location in Iowa at what would be dealer cost. Hull Trailers does not have an office in Wisconsin or any representatives that travel to Wisconsin.

¶3 Hull Trailers maintains a website and a Facebook page that are globally available to anyone with an internet connection, and it occasionally sends out informational or advertising emails to customers. The company's Facebook page also includes fourteen posts discussing sales made to Wisconsin residents in 2018.

¶4 Chizek, a Wisconsin resident, searched Hull Trailers online and called the company by phone to express his interest in buying a trailer. Hull Trailers did not prompt or initiate the contact with Chizek and had no prior business with Chizek. Rather, Chizek heard about the company from a friend, Ryan Rohan, who spoke highly of the company's warranty policy.

¶5     Rohan had previously bought three trailers from Hull Trailers.  He purchased two of the trailers directly from Hull Trailers and drove to Iowa to pick them up.  He purchased the other trailer from a distributer in Wisconsin, whom he located using an internet search for a Hull Trailers dealer near him.  When Rohan discovered a welding problem with one of the trailers he purchased, he sent a picture of the defect to Hull Trailers.  Hull Trailers reimbursed Rohan for having the trailer repaired in Wisconsin.

¶6     After several discussions with Hull Trailers' employees regarding applicable warranties, Chizek eventually purchased two trailers himself.  He paid for the trailers by providing his credit card number over the phone.  The trailers came with warranties "to repair or replace components of the frame or floor for a period of ten years from the date of production free of charge when the trailer is returned to [the Hull Trailers] plant" in Iowa.  Chizek made arrangements to have Rohan pick up the trailers from the Hull Trailers location in Iowa and deliver them to Chizek in Wisconsin.  After Chizek made the purchase and provided Hull Trailers with his email address, Hull Trailers sent him several email advertisements.

¶7     Once Chizek received the trailers, Chizek was dissatisfied with the condition of the painting on the trailers he bought and contacted Hull Trailers.  A Hull Trailers' employee directed Chizek to obtain a repair estimate.  After Hull Trailers refused to repair or pay for the repair of the trailers unless Chizek brought them to Iowa, Chizek filed this lawsuit asserting claims against Hull Trailers for breach of warranty, breach of implied warranty, intentional misrepresentation,

negligent misrepresentation, strict liability, and violation of WIS. STAT. § 100.18 (2019-20),[1] and a claim of piercing the corporate veil against the Hulls.[2]

¶8    The Hulls and Hull Trailers moved to dismiss the lawsuit based upon a lack of personal jurisdiction over them. Following an evidentiary hearing on a remand from this court in a prior appeal, the circuit court granted the motion. Chizek appeals.

## DISCUSSION

¶9    A determination as to whether a circuit court of this state has personal jurisdiction over a nonresident defendant involves a two-step inquiry. First, the plaintiff bears the burden of showing that there are statutory grounds for the court to exercise jurisdiction under at least one of the subsections in WIS. STAT. § 801.05, Wisconsin's so-called "long-arm" statute. *Johnson Litho Graphics v. Sarver*, 2012 WI App 107, ¶6, 344 Wis. 2d 374, 824 N.W.2d 127. Because § 801.05 was intended to codify the minimum contacts test for the Due Process Clause of the Fourteenth Amendment, a showing that the statute applies also creates a prima facie case that due process has been satisfied. *Id.*, ¶15. To establish minimum contacts "there [must] be some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Although listed as an independent cause of action in Chizek's complaint, we recognize that "piercing the corporate veil" is not a recognized free standing claim but, rather, the "doctrine is traditionally used as an exception to the rule that a corporation is a separate 'entity' or 'person' where application of the corporate fiction would operate as a fraud or defeat some strong equitable claim." *Spearing v. Bayfield County*, 133 Wis. 2d 165, 173, 394 N.W.2d 761 (Ct. App. 1986).

within the forum State, thus invoking the benefits and protections of its laws." ***CITGO Petro. Corp. v. MTI Connect, LLC***, 2020 WI App 57, ¶19, 394 Wis. 2d 126, 949 N.W.2d 577 (citation omitted). If the plaintiff's burden has been met, the defendant is then afforded an opportunity to show that exercising statutory jurisdiction would nonetheless violate due process principles of fair play and substantial justice. ***Johnson Litho Graphics***, 344 Wis. 2d 374, ¶15. Whether the established facts provide a court with personal jurisdiction over a nonresident defendant is a question of law that this court reviews de novo. ***Id.***, ¶6.

¶10 Personal jurisdiction under Wisconsin's long-arm statute can be either general or specific. ***Rasmussen v. General Motors Corp.***, 2011 WI 52, ¶15, 335 Wis. 2d 1, 803 N.W.2d 623. If general jurisdiction is established based upon a defendant's local presence in this state, the defendant may be brought before Wisconsin courts for claims that are unrelated to the defendant's activities here. ***Id.***, ¶¶15, 18. Specific jurisdiction allows the defendant to be sued here when the claim for relief itself arises out of, or is substantially connected to, the defendant's contacts with Wisconsin. ***Id.***, ¶¶15, 18 n.20.

¶11 Chizek first contends that the circuit court can exercise specific jurisdiction over the Hulls and Hull Trailers pursuant to WIS. STAT. § 801.05(5)(e), relating to "goods, documents of title, or other things of value actually received by the plaintiff in this state … without regard to where delivery to carrier occurred." That provision does not apply here, however, because Rohan picked up the trailers from Hull Trailers' location in Iowa. Rohan was not a third-party carrier but rather a friend acting on Chizek's behalf. Thus, Chizek did not "actually receive" the trailers from Hull Trailers in Wisconsin.

¶12 In the alternative, Chizek argues that the circuit court can exercise general jurisdiction over the Hulls and Hull Trailers because they are "engaged in substantial and not isolated activities within this state." *See* WIS. STAT. § 801.05(1)(d). Substantial activity generally includes soliciting, creating, nurturing, or maintaining a continuing business relationship with anyone in the state, whether through in-person contact or long-distance communication. *Druschel v. Cloeren*, 2006 WI App 190, ¶7, 295 Wis. 2d 858, 723 N.W.2d 430. Specific factors to consider are: (1) "the quantity of the contacts"; (2) "the nature and quality of those contacts"; (3) "the source and connection of the contacts to the claim made"; (4) "the interest of Wisconsin in the action"; and (5) "the convenience of the parties." *Rasmussen*, 335 Wis. 2d 1, ¶19.

¶13 We conclude, as did the circuit court, that Hull Trailers[3] does not conduct substantial activities within Wisconsin sufficient to satisfy WIS. STAT. § 801.05(1)(d). Hull Trailers has no offices or real estate in Wisconsin, and it is not organized under the laws of this state or registered to do business here. Its employees have never traveled here on business.

¶14 While Hull Trailers maintains a website and a Facebook page, neither specifically targets Wisconsin customers. There is no evidence that Hull Trailers solicits sales or initiates contact with any Wisconsin residents who are not already customers. Hull Trailers sends advertising emails to only those Wisconsin residents who have made a purchase and indicated on the paperwork that they would like to receive information from the company. Sending such emails does

---

[3] Chizek does not develop any separate argument relating to the activities of the Hulls in their individual capacities.

not constitute a purposeful availment of the privilege of conducting activities in this state.

¶15    Under its current ownership and business model (which appear to predate some of Rohan's interactions with the company), when Hull Trailers makes sales to Wisconsin customers, the customers must travel to Iowa to pick up the trailers or have repairs made to them.  Repairing a trailer under warranty, upon the customer's request and only if the customer brings the trailer to Iowa, is not nurturing or maintaining an ongoing relationship for the purpose of future sales, but rather relates to a benefit that follows a prior purchase.

¶16    In sum, the number of Hull Trailers' contacts with Wisconsin residents is limited, and the nature of those contacts is focused on individual sales completed in Iowa—or warranty issues stemming from those sales—rather than any ongoing business.  Chizek himself was the source of the contacts made in this case.  Wisconsin has no particular interest in the fact-specific warranty dispute at issue here, and litigating the matter in Wisconsin would be no less convenient to Hull Trailers employees than litigating the matter in Iowa would be to Chizek.

¶17    We conclude that Wisconsin's long-arm statute has not been satisfied.  Therefore, we need not address the defendants' arguments related to the Due Process Clause.  We affirm the circuit court's dismissal of the case for lack of personal jurisdiction.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

7